**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6072

HECTOR EDGARDO RUIZ ZUNIGA,

             Plaintiff - Appellant,

        v.

WILLIAM EFFLER; SHANE VARNEY; MICHAEL SUTTON; JULIAN CARR;
LAWRENCE THOMAS DIXON,

             Defendants – Appellees,

        and

JOSEPH CRAVEN,

             Defendant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:09-ct-03177-BO)

Submitted:  June 7, 2012              Decided:  June 21, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Hector Edgardo Ruiz Zuniga, Appellant Pro Se.  Seth Morgan Wood,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina;

Gregory Wenzl Brown, Amy Holbrook Hopkins, BROWN LAW, LLP, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Edgardo Ruiz Zuniga appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint without prejudice. Zuniga contends that the district court abused its discretion by denying his motion for appointment of counsel and by failing to provide him with Spanish translations of court documents.

In civil cases such as this one, we review an order denying appointment of counsel for an abuse of discretion. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Appointment of counsel is proper "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it" or some other exceptional circumstance is present. Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). We do not find that the district court abused its discretion in this regard. Nothing in Zuniga's complaint or in his abbreviated motion for appointment of counsel would have made it apparent to the district court that he possessed a colorable claim but lacked the capacity to present it. Nor do we find that the district court committed error by failing to translate court documents into Spanish for Zuniga. Prior to his notice of appeal, Zuniga never informed the district court that he could not read the English language. Moreover, the court had no affirmative duty to provide Zuniga with translations of court

3

filings. Contrary to Zuniga's appellate assertions, the district court does not bear the burden to investigate the impetus of a civil plaintiff's silence where the plaintiff failed to communicate with the court for over a year and made no response to two motions to dismiss and multiple notices from the court.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED